# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

GREGORY GILLILAN, :
:
          Plaintiff :
:
vs. :
:
MS. SIGREID, Store Staff, : NO. 5:11-CV-194 (CAR)
:
          Defendant : **O R D E R**

      Plaintiff **GREGORY GILLILAN**, presently an inmate at Rogers State Prison in Reidsville, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Parties instituting non-habeas civil actions are required to pay a filing fee of $350.00. 28 U.S.C. § 1914(a). Because plaintiff has failed to pay the required filing fee, the Court assumes that he wishes to proceed *in forma pauperis* in this action.

      Under the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), a prisoner is generally precluded from proceeding *in forma pauperis* if at least three prior lawsuits or appeals by the prisoner were dismissed as frivolous, malicious or failing to state a claim upon which relief may be granted. 28 U.S.C. §1915(g). Dismissal without prejudice for failure to exhaust administrative remedies and dismissal for abuse of judicial process are also properly counted as strikes. *See Rivera v. Allin*, 144 F.3d 719 (11th Cir. 1998). Section 1915(g) provides an exception to the three strikes rule, under which an inmate may proceed *in forma pauperis* if he alleges he is in "imminent danger of serious physical injury." The prisoner must allege a present imminent danger, as opposed to a past danger, to proceed under section1915(g)'s imminent danger exception. *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999).

      The Eleventh Circuit has upheld the constitutionality of section 1915(g) in concluding that section 1915(g) does not violate an inmate's right of access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. *Rivera*, 144 F.3d at 721-27.

A review of court records reveals that plaintiff has filed more than 150 civil actions in the United States District Courts for the Middle and Southern Districts of Georgia, and at least 11 of those complaints or resulting appeals have been dismissed as frivolous.[1]  As plaintiff has more than three strikes, he cannot proceed *in forma pauperis* in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception of section 1915(g).

Plaintiff alleges that he has "balloon surgical implants" in his penis.  According to plaintiff, he must "be stationed in front of staff and watched at all times" when he "inject[s]/inflate[s]" the implants to clean inside.  In March 2011, plaintiff claims that defendant Sigfreid, believing plaintiff was exposing himself in front of her, ordered plaintiff to "go outside."  Plaintiff claims that when he did so, he started bleeding internally and had to go to the emergency room.

Although plaintiff may suffer from a serious medical condition, the above allegations against defendant Sigfreid do not suggest that plaintiff was in "imminent danger of serious physical injury." Moreover, plaintiff received prompt medical treatment.  Finally, plaintiff was transferred from Central State Prison to Johnson State Prison on April 14, 2011.[2]  Plaintiff's complaint is dated April 7, 2011, but was not received by this Court until May 19, 2011.  It thus appears that plaintiff back-dated his complaint to appear as if filed while he was confined at Central State Prison.  Even if plaintiff had filed his complaint on April 7, he alleges no facts suggesting he was in "imminent danger" as of such date.

---

[1] *Gillilan v. Pollark,* 1:07-CV-50 (WLS) (M.D. Ga. Apr. 4, 2007); *Gillilan v. Galloway*, 1:06-CV-71 (WLS) (M.D. Ga. Mar. 5, 2007); *Gillilan v. Scarborough*, 1:05-CV-172 (WLS) (M.D. Ga. Feb. 2, 2007); *Gillilan v. Harrison*, 1:06-CV-176 (WLS) (M.D. Ga. Jan. 31, 2007); *Gillilan v. Bell,* 1:07-CV-3 (WLS) (M.D. Ga. Jan. 11, 2007); *Gillilan v. Thomas*, 1:06-CV-122 (DHB) (S.D. Ga. Jan. 10, 2007); *Gillilan v. Johnson*, 1:06-CV-177 (WLS) (M.D. Ga. Jan. 8, 2007)( Additionally, a later appeal was dismissed as frivolous in this case on April 25, 2007); *Gillilan v. Cannon*, 1:06-CV-114 (WLS) (M.D. Ga. Aug. 8, 2006); *Gillian v. Hilton*, 1:05-CV-133 (WLS) (M.D. Ga. Aug. 18, 2006) (Additionally, a later appeal was dismissed in this case on May 8, 2007).

[2] The above date was confirmed in a conversation between a staff attorney for this Court and personnel in the Georgia Department of Corrections.

Because plaintiff has at least three prior strikes and is not under imminent danger of serious injury, his request to proceed *in forma pauperis* is **DENIED** and the instant action is **DISMISSED WITHOUT PREJUDICE**. If plaintiff wishes to bring a new civil rights action, he may do so by submitting a new complaint form **and** the entire $350.00 filing fee. As the Eleventh Circuit held in *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002), a prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status; he must pay the filing fee at the time he initiates the suit.

**SO ORDERED**, this 27th day of May, 2011.

S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

cr